UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| HOMESITE INSURANCE COMPANY, | ) |
| Plaintiff, | ) Civil Action No. 5:11-CV-39-JMH |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| NEXT GENERATION INVESTMENTS, LLC, | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant's Motion to Dismiss [Record No. 4] to which Plaintiff has filed a Response [Record No. 10]. The deadline for filing a reply having past, this motion is ripe for decision.

Paul and Carmen Cooley were the tenants of an apartment building owned, operated and managed by Defendant Next Generation Investments, LLC. [Record No. 1, paras. 6, 7]. The Cooleys had in effect an insurance policy covering their property inside their apartment with Plaintiff Homesite Insurance Company. *Id.* at para. 7. On January 26, 2009, a fire destroyed the apartment building and all personal property, household goods and other contents owned by the Cooleys inside their apartment. *Id.* at para. 8. As a result, Plaintiff paid a contents loss claim of $77,948.99 to the Cooleys for the destruction of the Cooleys' personal property making Plaintiff subrogated to any rights and claims by or on behalf of the Cooleys. *Id.* at paras. 9-10. After repeated

requests, Plaintiff has filed a complaint requesting an order that Plaintiff "produce complete copies of any and all investigations or reports concerning the cause of the January 26, 2009 fire." *Id.* at 19.1. Plaintiff has also requested damages from Defendant "in the event any and all such investigation or report or other discovery herein establishes that NGI is liable to Homesite for its contents loss payment." *Id.* at para. 19.2.

As an initial matter, this Court shall construe Plaintiff's complaint as demanding relief, first and foremost, in the form of a declaratory judgment stating that Plaintiff is entitled to Defendant's report followed by a mandatory injunction to turn over the report based on Defendant's liability arising from the January 26, 2009 fire. The power to hear cases within the federal court system, however, is limited to the resolution of cases or controversies. *WJW-TV, Inc. v. City of Cleveland*, 878 F.2d 906, 909-10 (6th Cir. 1989) (citations omitted); *see also* U.S. Const. Art III. While courts may issue declaratory judgments, the "case or controversy" jurisdictional requirement of Article III still applies and "[t]he requirements of Article III are not satisfied merely because a party requests a court of the United States to declare its legal rights." *Columbus Cmty. Cable v. Luken,* 923 F. Supp. 1026, 1028-29 (S.D. Ohio 1996) (citing *Michigan v. Meese,* 853 F.2d 395, 397 (6th Cir. 1988)). Plaintiff, however, has not stated, nor has this Court found in its research, any statutory or

common law authority that establishes a case or controversy necessary for this Court to issue a declaratory judgment. *Id*. Indeed, Plaintiff's averments regarding Defendant's liability related to the fire is the only potential case or controversy stated throughout the document. *Id.*

Plaintiff, however, has failed to make sufficient averments that Plaintiff is entitled to relief from Defendant for failing to maintain the apartment complex. While the Court must assume the truth of the averments made in the complaint, it must dismiss the claim if the averments do nothing more than allow this Court to infer the "mere possibility of misconduct" entitling Plaintiff to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citation omitted). At best, however, Plaintiff's complaint, as argued in his Response to Defendant's Motion to Dismiss, is solely based on the inference of possible wrongdoing. [Record No. 10, p. 4] ("Thus, the Complaint has 'facial plausibility,' in that this pleaded factual content allows the Court to draw the reasonable inference that the Defendant has a cause and origin report which it refuses to disclose, and a further reasonable inference that may be drawn from Defendant's refusal is that the report contains some basis that would establish that Defendant is liable for the claim alleged."). This Court, therefore, will not allow Plaintiff to use this action to "unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions."[1]  *Iqbal*, 129 S.Ct. at 1950. As Plaintiff has essentially put the cart before the horse, requesting discovery materials and essentially fishing for a claim, this Court shall grant Defendant's Motion to Dismiss.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss [Record No. 4] is **GRANTED**.

This the 23rd day of June, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[1] Plaintiff's argument that the work product doctrine, addressed in Rule 26(b)(3), also fails.  Rule 26 states that "[p]arties may obtain discovery . . . that is relevant to any party's claim." Fed. R. Civ. p. 26(b)(1).  Plaintiff, however, has failed to state a claim upon which relief can be granted. Therefore, Plaintiff cannot argue a rule regarding discovery entitles it to Defendant's report as Plaintiff does not have a claim.